UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-61665-RAR

**SHAKITA HOWELL-GOWDY**,

    Plaintiff,

v.

**WALMART INC.**,

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss for Failure to Comply with Court Order, [ECF No. 52] ("Motion"), filed on May 31, 2022. On May 19, 2022, the Court issued an Order Granting Motion to Temporarily Stay Case [ECF No. 49] ("Order") allowing Plaintiff ten (10) days to either retain new counsel, or to file a Notice of Intent to Proceed *Pro Se*. Order at 2. The Order also gave Plaintiff one last warning that failure to comply with the requirements set forth therein would result in this case being dismissed. *Id.*; *see Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("The district court possesses the inherent power to police its docket.").

"Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a [litigant's] action for failure to comply with the rules or any order of the court." *Owens v. Pinellas Cty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). "[A] dismissal without prejudice generally does not constitute an abuse of

discretion because the affected party may simply re-file." *See Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020).

Here, Plaintiff has not complied with the Court's Order, has not sought an extension of time within which to do so, and has not advised that a dismissal will result in a statute of limitations bar to re-filing.  More importantly, the Court has warned Plaintiff on **four** separate occasions that her failure to comply with this Court's Orders would lead to dismissal of the instant case. *See* [ECF No. 36] (hearing in which the Court warned Plaintiff that failure to adhere to Court-ordered deadlines would result in dismissal of the case); [ECF No. 37] ("should Plaintiff fail to comply with this Order, or any other orders of this Court, such noncompliance may result in a dismissal of this case without prejudice."); [ECF No. 46] ("failure to attend this re-noticed deposition (absent a properly-sought and meritorious request for a protective order) may result in sanctions, including the dismissal of her case."); [ECF No. 49] ("Failure by Plaintiff to comply with this Order will result in a dismissal of this case without prejudice and without further notice.").

"A district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.").  Although the Court understands that Plaintiff's repeated inability to comply with reasonable Orders is due to her ongoing health conditions and *pro se* status, *see* [ECF No. 48], *pro se* litigants, like all litigants, must comply with the Federal Rules of Civil Procedure and the Court's Orders.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  And Plaintiff's continuous noncompliance has prevented the Court from managing the instant case effectively and expeditiously.  Consequently, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Failure to Comply with Court Order [ECF No. 52] is **GRANTED** and this case is **DISMISSED** *without prejudice*. *See, e.g.*, *Moon*, 863 F.2d at 837 ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Frank v. Schulson*, 782 F. App'x 917, 919 (11th Cir. 2019) (same); *LaFavors v. Thayer*, 706 F. App'x 489, 492 (11th Cir. 2017) (same); *cf. Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."). The Clerk of Court is instructed to **CLOSE** the case. The Clerk is further instructed to mail this Order [ECF No. 53] to Plaintiff at her address of record.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 31st day of May, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**